UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEIDI HESS DESIGNS, LLC.,
a Florida Limited Liability Company and
HEIDI HESS, Individually

CASE NO. 14-CV-62686 MGC

Plaintiffs,

v.

LINDA VENDOME, Individually,

Defendant.

_______________________________________/

# AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**COMES NOW**, the Plaintiffs, ***Heidi Hess Designs, LLC.***, a Florida Limited Liability Company ("HHD") and ***Heidi Hess***, Individually ("Hess"), (both collectively "Plaintiffs") and files this Amended Complaint against Defendant, ***Linda Vendome***, Individually ("Vendome" or "Defendant"), and alleges as follows:

## JURISDICTION

1. This is an action for injunctive and other relief under the common law of the State of Florida for libel per se, slander per se, tortious interference with a business relationship and intentional infliction of emotional distress.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

3. Upon information and belief, jurisdiction is proper in that:

a. Defendant is a citizen of the State of New York but maintains a residence in the Southern District of Florida where she was located and served with process in this action.

b. Plaintiff HHD is a Florida Corporation and thus a citizen of the State of Florida. Plaintiff Hess is a citizen of the State of Florida.

c. Defendant has committed tortious acts within this State, and the Southern District of Florida, specifically including Fort Lauderdale, including the libel set forth herein, within the meaning of Fla. Stat. § 48.193(1)(a)(2). Plaintiffs have been damaged by Defendant's illegal actions in this District.

d. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff seeks damages in this action in excess of One Million Dollars **($1,000,000.00.)**

## VENUE

4. Venue is proper under 28 U.S.C. § 1391(b) in that, upon information and belief, a substantial part of the events occurred in the Southern District of Florida including intentional libelous publications available and accessible in the District specifically referencing fraud and law enforcement action in Fort Lauderdale, Florida. Said action by Defendant is a purposeful availment of the provided of conducting activities within the forum and such that Defendant should reasonably anticipate being haled into court in Florida.

## BACKGROUND

5. HHD is an internationally recognized fashion brand specializing in women's clothing.

6. HHD was created in Florida in approximately 2003 by celebrity Heidi Hess - fashion designer, radio and television personality.

7. HHD has been experiencing significant increased success in the fashion industry growing from its original Internet and Florida location to include operations and retail sales locations in Los Angeles, New York and Chicago.

8. Due to rapidly increasing demand, HHD wished to obtain funding for greater inventory demands for the 2014 holiday season.

9. HHD and Vendome met and began a short business relationship beginning on or about late April 2014 and ending on October 7, 2014.

10. Through October 2, 2014 the parties had discussions culminating in a verbal agreement that Vendome would make a cash delivery to HHD within three (3) days for part of HHD's additional inventory funding requirements.

11. The parties had discussions and exchanged drafts of proposed documents related to this proposed agreement but did not mutually execute any documents as of October 7, 2014.

12. Through October 2, 2014 Vendome tendered some but not all of the agreed funding amount and on or about October 7, 2014 Vendome indicated she refused to tender the remainder.

13. Despite Vendome's breach of the verbal agreement, between, approximately October 23, 2014 and November 6, 2014, the parties communicated through counsel regarding the amicable conclusion of the parties' business relationship.

14. Through November 6, 2014 counsel for the parties agreed that (1) the parties would not pursue a business relationship any further and (2) that HHD would pay Vendome the

entire principal advanced plus some amount of interest in monthly payments beginning January 1, 2015.

15. Vendome proposed a long term principal payout but HHD requested a much shorter term.

16. Vendome's proposal would have generated $1364.52 in the short term proposed.

17. HHD responded with a written proposal of full payment of principal in the shorter term plus $1000 interest, ***a difference of $364.52*** from Vendome's proposal. HHD memorialized all the terms of HHD's proposal in a Settlement and Mutual Release Agreement and delivered it to Vendome's attorney on November 6, 2014. A true copy thereof is attached as ***Exhibit B***.

## THE LIBEL AND SLANDER

18. Vendome did not reply to HHD's proposed Settlement and Mutual Release Agreement or make any further communication with HHD through November 21, 2014.

19. On or about Friday, November 21, 2014, Vendome published, directly or through her agent at her direction, an article about HHD and Hess (the "False Publication") on a website named www.ripoffreport.com. The material allegations in the False Publication are, in fact, false. A true copy of the False Publication is attached hereto as **Exhibit A.**

20. The False Publication, **Exhibit A,** is entitled "Heidi Hess Designs LLC. Heidi Hess Clothing Company Investment Fraud Chicago, NYC, Ft. Lauderdale Nationwide" in large font red letters residing at the Internet address http://www.ripoffreport.com/r/Heidi-Hess-Designs-LLC/nationwide/Heidi-Hess-Designs-LLC-Heidi-Hess-Clothing-Company-Investment-

Fraud-ChicagoNYC-FtLaud-1190572# which is visible, accessible, published and republished worldwide including in the District.

21. The False Publication, ***Exhibit A,*** states that HHD and Hess have committed fraud some five (5) times and that

> "(L)aw Enforcement in three states and the FBI have been contacted and ***are intending to apprehend the "Heidi Hess."*** (sic) (emphasis added)

22. Within hours of posting the False Publication, HHD and Hess became aware of its publication through business affiliates of HHD.

23. On November 23, 2014 HHD and Hess, through counsel, threatened litigation and made demand upon Vendome, through counsel, to take down all copies of the False Publication and to cease and desist any further publication of the false information contained therein.

24. The following day on November 23, 2014 Vendome posted the following on the website:

> "We are retracting the above report as settlement discussions are now being iniated." (sic)

25. Upon information and belief, Vendome has verbally communicated at least part of the False Publication to individuals, specifically including the five (5) alleged fraud accusations.

26. Vendome has failed and refused to remove the False Publication to date or demand that the owners of www.ripoffreport.com do so as her agent and publisher and

has failed to agree to cease and desist all future verbal communication of the False Publication.

27. HHD and Hess have complied with all conditions precedent to bringing this litigation.

## COUNT I – COMMON LAW LIBEL PER SE

28. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 27 as if fully set forth herein.

29. Defendant's aforesaid acts constitute libel per se of the Plaintiffs under the common law of the State of Florida.

30. Defendant published written false statements that were defamatory about Plaintiffs on the Internet to the world that caused injury and actual damages to Plaintiffs.

31. Defendant acted with actual malice when making her defamatory statements, knowing that the statements were false or recklessly disregarding their falsity, meeting the culpability requirements if Hess is considered a public figure/limited-purpose public figure.

32. Defendant's written statements accused the Plaintiffs of committing a crime and imputes to the Plaintiffs conduct, characteristics, or a condition incompatible with the proper exercise of their lawful business, trade and profession, amounting to libel per se. Actual damages are presumed in a libel per se action.

33. Given the reckless and reprehensible behavior by Vendome in posting the False Publication on the Internet, knowing the damage it would cause to HHD and Hess' reputations and business image, Plaintiffs are in reasonable and imminent fear that Vendome will continue with her illegal behavior.

34. Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiffs with damages being irreparable, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

35. Plaintiffs have no adequate remedy at law.

**COUNT II – COMMON LAW SLANDER PER SE**

36. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 27, as if fully set forth herein.

37. Defendant's aforesaid acts constitute slander per se of the Plaintiffs under the common law of the State of Florida.

38. Defendant published spoken false statements that were defamatory about Plaintiffs to third parties that caused injury and actual damages to Plaintiffs.

39. Defendant acted with actual malice when making her defamatory statements, knowing that the statements were false or recklessly disregarding their falsity, meeting the culpability requirements if Hess is considered a public figure/limited-purpose public figure.

40. Defendant's spoken statements accused the Plaintiffs of committing a crime and imputes to the Plaintiffs conduct, characteristics, or a condition incompatible with the proper exercise of their lawful business, trade and profession, amounting to slander per se. Actual damages are presumed in a slander per se action.

41. Given the reckless and reprehensible behavior by Vendome in publishing the False Publication through spoken communications to third parties, knowing the damage it would cause to HHD and Hess' reputations and business image, Plaintiffs are in reasonable and imminent fear that Vendome will continue with her illegal behavior.

42. Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiffs with damages being irreparable, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

43. Plaintiffs have no adequate remedy at law.

**COUNT III - in the Alternative**

**TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP**

44. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 27, as if fully set forth herein.

45. Plaintiffs and Plaintiffs' manufacturer Awanandes Looms had an existing business relationship as reflected by the Contracts.

46. Defendant received adequate notice of the relationship between Plaintiffs and. Plaintiffs' manufacturer Awanandes Looms. Therefore, Defendant was aware and had knowledge of the relationship between Plaintiffs and Plaintiffs' manufacturer Awanandes Looms.

47. Defendant intentionally and unjustifiably interfered or attempted to interfere with the relationship between Plaintiffs and Plaintiffs' manufacturer Awanandes Looms by publishing the False Publication.

48. As a result of Defendant's tortious interference with Plaintiffs' advantageous relationship with Plaintiffs' manufacturer Awanandes Looms, Plaintiffs have been damaged.

49. Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiffs as damages are irreparable, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

50. Plaintiffs have no adequate remedy at law.

**COUNT IV –- in the Alternative**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

51. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 27, as if fully set forth herein.

52. Defendant's conduct of publishing the False Publication was intentional or reckless.

53. Defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized community.

54. Defendant's conduct caused emotional distress to Hess.

55. Hess' emotional distress, brought on by Defendant's outrageous conduct of publishing the False Publication, was severe.

56. Defendant's aforesaid acts have caused and will cause great and irreparable injury to Hess as damages are irreparable, and unless said acts are restrained by this Court, they will be continued and Hess will continue to suffer great and irreparable injury.

57. Hess has no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray:

A. That this Court will determine that Defendant has committed libel per se, slander per se, tortious interference with a business relationship and intentional infliction of emotional distress against Plaintiffs;

B. That Defendant, and all agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained;

1) From publishing any further false, libelous, defamatory or slanderous publications about Plaintiffs in any medium whatsoever;

2) From doing any other act or thing likely to cause further injury to the image or reputation of HHD and Hess

C. That this Court order Defendant to cause the False Publication to be removed in its entirety from the Internet including but not limited to archive pages;

D. That Plaintiffs have and recover compensatory damages, to the extent that they may be determineable, which the Court deems just and proper;

E. That Plaintiff be permitted to plead entitlement to punitive damages pursuant to Florida law upon proper pleading and proof;

F. That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to § 57.041 Florida Statutes.

G. That Plaintiff have and recover such further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**
**OF ELECTRONIC FILING GENERATED BY CM/ECF**

I HEREBY CERTIFY that on this 17th day of December, 2014, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

___________/s/____________________

John F. Bradley

**SERVICE LIST**

John M. Mullin, Esq.
(jmm@trippscott.com; sxc@trippscott.com
Ryan H. Lehrer, Esq.
rhl@trippscott.com; sxc@trippscott.com
Attorneys for Defendant
110 SE 6th Street, 15th Floor
Fort Lauderdale, FL 33301
Tel: 954-525-7500

**Bradley Legal Group, P.A.**
Counsel for Plaintiffs
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523 6160
Fax: (954) 523 6190

By:______/s/___________
John F. Bradley, Esquire
Florida Bar No. 0779910
Email: jb@bradlegal.com