UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-62686-MGC

HEIDI HESS DESIGNS, LLC,
A Florida limited liability company, and
HEIDI HESS, individually,

Plaintiffs,

v.

LINDA VENDOME, individually,

Defendant.
_______________________________/

**RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

Defendant, Linda Vendome ("Defendant"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 65, hereby files her Response in Opposition to Plaintiffs' Motion for Preliminary Injunction with Incorporated Memorandum of Law [D.E. 4].

**Introduction**

As a threshold matter, Defendant brings to this Court's attention that she is challenging the Court's jurisdiction over her person and the subject matter of these proceedings. [D.E. 11]. Those challenges have not yet been ruled on by this Court. Defendant's challenge to personal jurisdiction stems from the fact that the Amended Complaint does not contain sufficient allegations to confer personal jurisdiction, and because the Affidavit of Linda Vendome submitted in support of her jurisdictional challenge shows that this Court's exercise of personal jurisdiction over her would not pass constitutional muster. Defendant's challenge to subject matter jurisdiction stems from the fact that the Amended Complaint does not presently contain any allegations of the citizenship for the members of Plaintiff Heidi Hess Designs, LLC.

Even if the Court were to ignore the jurisdictional challenges (and it must not), Plaintiffs are seeking the extraordinary and drastic remedy of injunctive relief in a case that implicates First Amendment concerns, and their motion fails to meet the high standard for such extreme relief. Plaintiffs do not possess a substantial likelihood of success on the


762437v1 997002 0001

merits of their claims. In the context of defamation case law, a preliminary injunction is rarely granted and only when the allegedly defamatory statements are made in furtherance of another intentional tort. First, the Affidavits of Linda Vendome ("Vendome Aff.") and Kevin McKosky ("McKosky Aff.") attached hereto as Exhibits A and B, respectively, demonstrate that Ms. Vendome did not post the allegedly defamatory remarks; rather, an acquaintance of hers, Kevin McKosky, posted the remarks from his own laptop computer without Defendant's knowledge or direction *See* Vendome Aff. at ¶ 5; McKosky Aff. at ¶¶ 3-4. Defendant was not present when Mr. McKosky posted the remarks and, in fact, did not even see the remarks until she received a copy of this lawsuit. *See* Vendome Aff. at ¶ 6; McKosky Aff. at ¶¶ 3-4.[1] With respect to the "evidence" of allegedly defamatory spoken words, the allegations are based "upon information and belief" and cannot be used as the basis for an injunction This is reason alone to deny the motion.

In further analyzing the tortious interference with an advantageous business relationship count and the intentional infliction of emotional distress count, it is clear that these claims are not likely to succeed due to the fact that they violate the single action rule as they are entirely premised on the allegedly defamatory publication, as well as utterances alleged to have occurred "upon information and belief." There is nothing independent about these causes of action. Additionally, there is nothing before the Court to suggest that Plaintiffs' manufacturer, Awanandes Looms, even viewed the publication. To the contrary, Plaintiffs urge this Court to improperly assume that because the statements were posted on the internet to a national (and, perhaps more appropriate, international) audience there was an unjustified interference with the relationship. But this is a request for preliminary injunctive relief where Plaintiffs bear the burden of showing a substantial likelihood of success, and such speculation cannot serve as the basis for the extraordinary relief they seek.

Plaintiffs also cannot establish irreparable harm or the lack of an adequate remedy at law based on the fact that Plaintiffs possess an adequate remedy at law as is evidence in the

---

[1] Plaintiffs' Motion for Preliminary Injunction requests relief in the form of, *inter alia*, removal of the "False Publication" from the internet, including the statements posted to www.ripoffreport.com. Ms Vendome's affidavit references the language of the website www.ripoffreport.com, which states the website does not remove posts. The Court can take note that www.ripoffreport.com is not a party to these proceedings, and at least one federal district court held that the internet website host could not be compelled to remove defamatory material from their site pursuant to a permanent injunction issued in an action to which it was not a party *See Blockowicz v Williams*, 675 F. Supp. 2d 912 (N D. Ill. 2009)

single "WHEREFORE" clause applicable to all counts of the Amended Complaint Because an adequate remedy at law exists, Plaintiffs cannot demonstrate the requisite irreparable harm for the issuance of an injunction.

Lastly, the public's interest is in upholding the First Amendment and not in granting preliminary injunctive relief where, as here, the moving party failed to establish the high standard for such relief.

## Memorandum of Law

### I. Defendant's Jurisdictional Challenges Must Be Ruled Upon Before Consideration Of The Motion For Preliminary Injunction.

A court is without power to issue a preliminary injunction if it does not have personal jurisdiction over the Defendant. *See JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F. Supp. 2d 1363, 1368 (S.D. Fla. 1999) (holding that a lack of personal jurisdiction over the defendant prevented the court from issuing a preliminary injunction). The same rule applies when the Court lacks subject matter jurisdiction. *See Arnold v. Commodity Futures Trading Comm'n*, 987 F. Supp. 1463, 1465 (S.D. Fla. 1997) ("[T]his Court concludes that it is without subject matter jurisdiction to provide plaintiffs with the sought-after injunctive relief.").

Defendant's challenge to personal jurisdiction stems from the fact that the allegations of the Amended Complaint fail to confer personal jurisdiction over Defendant. The Amended Complaints alleges that the purportedly defamatory publication is "accessible" in this District; however, the Amended Complaint is silent regarding the purportedly defamatory publication actually being <u>accessed</u> in Florida—a requisite element to personal jurisdiction in the circumstances presently before this Court. *See Bioheart, Inc. v. Peschong*, No. 13-60304-CIV, 2013 WL 1729278, at *2 (S D. Fla. Apr. 22, 2013) (citing the Florida Supreme Court's decision in *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1214-15 (Fla 2010), and stating that the tortious act prong of Florida's long-arm statute requires that the allegedly defamatory online material be "actually accessed in Florida"). Moreover, there is nothing before this Court that indicates that the allegedly defamatory publications were directed at Florida; indeed, the allegedly defamatory publications are clearly geared towards a national audience and, thus, cannot form the basis for personal jurisdiction The *Bioheart,*

*Inc.* addressed this same issue, and in concluding that it lacked personal jurisdiction over the defendants stated as follows:

> Similarly, in the instant case, Bioheart provides no evidence that Yahoo! Finance generally, or Peschong's comments in particular, were purposefully directed at a Florida audience. Even if the Court accepts that the comments were targeted at Bioheart's investors or potential investors, Bioheart is a publicly-traded company. There was no reason for Peschong to have thought that Bioheart's investors would be located in Florida, as opposed to any other state. Peschong's knowledge that Bioheart is located in Florida is insufficient to establish that his posts were expressly aimed at the state. *See Internet Solutions III,* at *8–11 (holding that negative Internet postings about a Florida company, including postings of its address, did not support personal jurisdiction when the site did not target a Florida audience). Accordingly, the Court concludes that Peschong does not have minimum contacts with Florida to support the exercise of personal jurisdiction.

2013 WL 1729278, at *5. Because there is no indication that the allegedly defamatory material was directed to a Florida audience, minimum contacts with this State cannot be established. Defendant's affidavit contesting personal jurisdiction over her went unrebutted by Plaintiffs, other than Plaintiffs' contention through legal filings that Defendant's ownership of a condominium is sufficient to comport with due process concerns. On their only point, Plaintiffs are wrong. *See A.B L. Realty Corp. v. Cohl*, 384 So. 2d 1351, 1354 (Fla. 4th DCA 1980) (stating that the mere ownership of Florida property is not enough to invoke the long-arm statute).

Defendant's challenge to subject matter jurisdiction is grounded on the fact that the Amended Complaint fails to allege the citizenship of the members of Plaintiff Heidi Hess Designs, LLC, as required per the binding Eleventh Circuit precedent. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that to sufficiently allege the citizenship of a limited liability company, "a party **must list the citizenships of all the members** of the limited liability company" (emphasis added)).

Because this Court lacks personal jurisdiction over Defendant and presently lacks subject matter jurisdiction over the proceedings, the Court cannot enter a preliminary injunction and denial of Plaintiffs' request is required. Even if the Court were to consider the merits of the request for injunctive relief, denial of the motion is proper for the reasons set forth below.

## II. Preliminary Injunction Standard.

Assuming, *arguendo*, that the Court finds it has personal jurisdiction over Defendant and subject matter jurisdiction over these proceedings, Plaintiffs must satisfy the high standard for preliminary injunctive relief. A review of Plaintiffs motion reveals a failure to sustain that high standard.

In order to obtain preliminary injunctive relief, the movant is required to establish the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent injunctive relief; (3) a threatened injury to the movant that outweighs the damage the proposed injunction may cause the opposing party; and (4) that the injunction will serve the public interest. *Indigo Room, Inc. v. City of Fort Myers*, 710 F.3d 1294, 1299 (11th Cir. 2013). "[A] preliminary injunction is considered to be an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Memorial Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (internal quotations, citations omitted).

"Injunctive relief is not available to prohibit the making of defamatory or libelous statements." *Chevaldina v. R.K./FL Mgmt., Inc.*, 133 So.3d 1086, 1090 (Fla. 3d DCA 2014). The limited exception to the rule is where the defamatory words are made in furtherance of the commission of another independent tort that is properly plead and supported by evidence to prove same to a reasonable certainty. *See id* (denying request for preliminary injunctive relief based on defamation and tortious interference where the moving party failed to present evidence that the defamatory publication was having a deleterious effect upon specific parties) In the rare event an injunction is entered under this limited exception, it "should never be broader than is necessary to secure to the injured party relief warranted by the circumstances involved in the particular case[, because e]ntry of an overly broad injunction can constitute a violation of the First Amendment." *Id.*

[*Space intentionally left blank*]

## III. Plaintiffs Failed To Demonstrate A Substantial Likelihood Of Success On The Merits Of Their Claims.

### a. Plaintiffs Libel Claim Fails Because The Allegedly Defamatory Remarks Were Posted By A Third Party, Kevin McKosky, Without Defendants' Knowledge Or Participation.

Count I attempts to state a cause of action for libel per se, and is premised on alleged defamatory remarks posted on the internet. The Affidavits of Linda Vendome and Kevin McKosky demonstrate that Defendant did not post the allegedly defamatory remarks; rather, an acquaintance of hers, Kevin McKosky, posted the remarks from his own laptop computer without Defendant's knowledge or direction. *See* Vendome Aff. at ¶ 5; McKosky Aff. at ¶¶ 3-4. Defendant was not present when Mr. McKosky posted the remarks and, in fact, did not even see the remarks until she received a copy of this lawsuit. *See* Vendome Aff. at ¶ 6; McKosky Aff. at ¶¶ 3-4 Accordingly, Plaintiffs cannot demonstrate a substantial likelihood of success on the merits of Count I.

### b. Plaintiffs' Slander Claim Is Based "Upon Information And Belief" And, Thus, A Preliminary Injunction Is Not Warranted.

Count II of the Amended Complaint attempts to state a claim for slander per se. The sole allegation supporting this claim is made at paragraph 25 of the pleading: "Upon information and belief, Vendome has verbally communicated at least part of the False Publication to individuals, specifically including the five (5) alleged fraud accusations." [D.E. 8, at ¶ 25]. Plaintiffs also submit the Declaration of Jeremy Block [D.E. 4-2] which is also based "upon information and belief." [D.E. 4-2, at ¶ 2].

"[W]hen the primary evidence introduced is an affidavit made on information and belief rather than on personal knowledge, it generally is considered insufficient to support a motion for preliminary injunction." *Touchstone v. McDermott*, 120 F. Supp 2d 1055, 1059-60 (M.D. Fla. 2000) (finding that due to allegations made upon information and belief, the movant could not establish a substantial likelihood of success on the merits of the claim) (quoting 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949 (2d ed. 1995)), *see also Leedom Mgmt. Group, Inc. v. Perlmutter*, No. 8:11-cv-2108-T-33TBM, 2012 WL 909322, at *8 (M D. Fla. Feb 15, 2012) (citing *Touchstone* and further

noting that "speculation and supposition" does not satisfy the "heavy burden" associated with injunctive relief).

Because Count II is entirely premised on speculative allegations made "upon information and belief", Plaintiffs cannot show a substantial likelihood of success on the merits of the claim.

**c. Plaintiffs' Claims For Tortious Interference With A Business Relationship And Intentional Infliction Of Emotional Distress Are Barred By The Single Action Rule.**

Plaintiffs allege causes of action in tort under Counts III and IV of their Amended Complaint that are based on the exact same conduct that comprises their defamation claims under Counts I and II. This is violative of Florida's single action rule and, accordingly, Plaintiffs are not likely to succeed on the merits of the claims brought under Counts III and IV.

"When claims are based on analogous underlying facts and the causes of action are intended to compensate for the same alleged harm, a plaintiff may not proceed on multiple counts for what is essentially the same defamatory publication or event." *Klayman v. Judicial Watch, Inc.*, No. 13-20610-CIV, 2014 WL 2158418, at *13 (S D Fla May 23, 2014). Rather, recovery for separate causes of action is only proper "when they 'are properly pled upon the existence of <u>independent</u> facts.'" *Id.* (emphasis added). The rule "is designed to discourage the erosion of free speech safeguards by the simple expedient of looking to a substitute cause of action." *Ortega Trujillo v. Banco Central Del Ecuador*, 17 F. Supp. 2d 1334, 1339-40 (S.D. Fla. 1998) (**addressing single action rule at motion to dismiss stage**) Here, Counts III and IV are based entirely on the claims for libel and slander.

With respect to Count III (tortious interference with an advantageous business relationship), Paragraph 47 of the Amended Complaint alleges "Defendant intentionally and unjustifiably interfered or attempted to interfere with the relationship between Plaintiffs and Plaintiffs' manufacturer Awanandes Looms by publishing the False Publication." [D.E. 8, at ¶ 47]. The Declaration of Heidi Hess submitted in support of the motion states "[e]ach time a business relationship, a customer or potential customer researches HHD and myself online, through Google or anther (sic) search engine, we suffer further irreparable injury and specialized harm by republication of the False Publication." [D.E. 4-1, at ¶ 21].

Ms. Hess further states that "[b]y publishing the False Publication on the Internet and in spoken communications, Vendome intentionally and unjustifiably attempted to interfere with Plaintiffs' business relationships." [D.E. 4-1, at ¶ 25]. No independent facts are provided upon which to base a claim for tortious interference with an advantageous business relationship. And noticeably absent from the Amended Complaint and Ms. Hess's declaration is any evidence that the alleged defamatory statements were actually viewed by a customer or prospective customer on the internet. The only "evidence" regarding the allegations and attestations about the verbal communications are made "upon information and belief." Plaintiffs have not satisfied their heavy burden of showing a substantial likelihood of success on the merits of their tortious interference claims by proffering speculative allegations of harm that are identical to those provided in support of Counts I and II

Plaintiffs' claim for intentional infliction of emotional distress (Count IV) fares no better. "[A] plaintiff cannot transform a defamation action into a claim for intentional infliction of emotional distress simply by characterizing the alleged defamatory statements as 'outrageous.'" *Fridovich v. Fridovich*, 598 So. 2d 65, 69-70 (Fla. 1992). That is exactly what Ms. Hess is attempting to do. The Amended Complaint alleges that "Defendant's conduct of publishing the False Publication was intentional or reckless[,]" and that Plaintiff Heidi Hess's supposed emotional distress was brought on by the publishing of the allegedly false publication. [D.E. 8, at ¶¶ 52, 55]. Similar to Count III, Count IV is based entirely on the allegations supporting the libel and slander counts without any independent facts, and cannot form the basis of a separate claim pursuant to the single action rule. Accordingly, Plaintiffs do not possess a substantial likelihood of success on the merits of Count IV.

## IV. Plaintiffs Failed To Demonstrate Irreparable Harm.

Plaintiffs attempt to convince this Court that they are being irreparably harmed. Plaintiffs have not pointed to a single customer or prospective customer who viewed the allegedly defamatory posts or who were recipients of spoken words in that regard The entire analysis proffered by Plaintiffs is grounded in legal conclusions that their damages are only estimable by conjecture. But that is not the entire analysis; they are required to show actual and imminent injury, and they have not done so. "[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Windsor v. U.S.*, 379

Fed. App'x 912, 915-16 (11th Cir. 2010). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* Plaintiffs possess an adequate remedy at law in the form of legal remedies, should they be able to prove their case. In circumstances such as this where the limited exception to the general rule against injunctions in defamation cases does not apply, Plaintiffs should not be entitled to preliminary injunctive relief and should be required to prove their claims to obtain legal relief.

**V. The Harm To Defendant Caused By An Injunction Outweighs Any Purported Harm To Plaintiffs.**

As set forth above, Plaintiffs are not likely to succeed on any of their claims, let alone Counts III and IV which are necessary to come within the limited exception to the rule against injunctions in cases of alleged defamation. Under these circumstances, an injunction restricting Defendants' First Amendment rights would be manifestly unjust, and would cause far greater injury to Defendant than to Plaintiff. *See GPS Indus., LLC v. Lewis*, 691 F. Supp. 2d 1327, 1338 (M.D. Fla 2010) (stating that a failure to show substantial likelihood of success on the merits of the movant's claim results in greater harm to the non-movant than to the movant if an injunction were issued).

**VI. An Injunction Would Not Serve The Public Interest.**

Injunctive relief is an extraordinary remedy that is almost never available to prohibit the making of defamatory or libelous statements, unless the limited exception addressed above is present. *Chevaldina*, 133 So.3d at 1090. The limited exception is not present here. "[T]he public's interest is in upholding the First Amendment and not in granting a preliminary injunction when [the moving party has] failed to establish a substantial likelihood of prevailing on the merits." *Pronman v. Styles*, No. 12-80674, 2014 WL 5325207, at * 10 (S.D. Fla. Sept. 4, 2014).

**<u>Conclusion</u>**

Defendant did not post the allegedly defamatory statements; she is not simply denying that fact, she is providing the name of the responsible individual. She is challenging this Court's jurisdiction over her person, and her challenge went unrebutted by Plaintiffs.

The Court should immediately dismiss this lawsuit for lack of personal jurisdiction and require Defendants to bring their claim in the proper forum and against the proper party.

Looking past the jurisdictional challenges and concentrating on the merits of the Motion for Preliminary Injunction, the *Chevaldina* court, cited by Plaintiffs, succinctly articulated the issue presently before this Court:

> Angry social media postings are now common. Jilted lovers, jilted tenants, and attention-seeking bloggers spew their anger into fiber-optic cables and cyberspace. But analytically, and legally, these rants are essentially the electronic successors of the pre-blog, solo complainant holding a poster on a public sidewalk in front of an auto dealer that proclaimed, "DON'T BUY HERE! ONLY LEMONS FROM THESE CROOKS!" Existing and prospective customers of the auto dealership considering such a poster made up their minds based on their own experience and research. If and when a hypothetical complainant with the poster walked into the showroom and harangued individual customers, or threatened violence, however, the previously-protected opinion crossed the border into the land of trespass, business interference, and amenability to tailored injunctive relief. The same well-developed body of law allows the complaining blogger to complain, with liability for money damages for defamation if the complaints are untruthful and satisfy the elements of that cause of action. Injunctive relief to prohibit such complaints is another matter altogether.

*Chevaldina*, 133 So. 3d at 1092. Plaintiffs must not be allowed to come before this Court and obtain injunctive relief without any evidence that Defendant actually posted or uttered the allegedly defamatory statements, and without any evidence—or even allegations for that matter, *see* Section I, *supra*—of a single customer, prospective customer, or business associate viewing or hearing the allegedly defamatory remarks. They have not satisfied their burden of showing a substantial likelihood of success on the merits of their claims, especially under Counts III and IV as would be required to come within the *limited* exception to the rule that "[i]njunctive relief is not available to prohibit the making of defamatory or libelous statements." *Id.* at 1090. Plaintiffs have not shown irreparable injury; indeed, they have not shown any injury at all. Under these circumstances, an injunction restricting Defendants' First Amendment rights would be manifestly unjust, contrary to the public's interest in free speech, and would cause far greater injury to Defendant than to Plaintiff. For these reasons, Defendant respectfully requests that Plaintiffs' Motion for Preliminary Injunction With Incorporated Memorandum of Law be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that a true and correct copy of the foregoing has been furnished to **John F. Bradley, Esq.** (counsel for Plaintiffs) at jp@bradlegal.com, this 16th day of March 2015.

**TRIPP SCOTT, P.A.**
*Attorneys for Defendant Linda Vendome*
110 SE 6th St, 15th Floor
Fort Lauderdale, FL, 33301
Tel: 954-525-7500

By: /s/ *John M. Mullin*
John M. Mullin, Esq., FBN: 777323
(jmm@trippscott.com; sxc@trippscott.com)
Ryan H. Lehrer, Esq., FBN: 0084423
(rhl@trippscott.com; sxc@trippscott.com)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEIDI HESS DESIGNS, LLC,
A Florida limited liability company, and
HEIDI HESS, individually,

CASE NO.: 14-CV-62686-MGC

Plaintiffs,

v

LINDA VENDOME, individually,

Defendant.
_______________________________/

**AFFIDAVIT OF LINDA VENDOME**

STATE OF NEW YORK )
COUNTY OF NASSAU )

BEFORE ME, the undersigned authority, personally appeared Linda Vendome, who was sworn and states.

1. My name is Linda Vendome. I am over the age of 18, am competent to furnish this affidavit, and do so based upon my personal knowledge of the statements made herein.

2 All of my business dealings with Heidi Hess and her company, Heidi Hess Designs, LLC were in Chicago, Illinois and New York, New York.

3. More specifically, I went to Chicago with Ms. Hess to observe the small "pop-up" store in the form of a kiosk she set up, and to see her line of sweaters that were selling in the kiosk. I assisted over the weekend covering sales.

4 I also assisted Ms. Hess in New York setting up the business's operations, working with the photographer to set up Heidi Hess Design, LLC's website, and working

with the model that had been hired for the website While in New York, I made two investments of $10,000 each in Ms. Hess's business, for a total of $20,000, one of which was to be an investment and one in the form of a loan. Eventually, however, our negotiations broke down and each side hired attorneys to assist in the dispute after I demanded a return of my money As a result of the breakdown in our negotiations I was forced to file suit against Heidi Hess Designs in New York in a lawsuit styled LINDA VENDOME v. HEIDI HESS DESIGNS, LLC presently pending in the Supreme Court of the State of New York, Nassau Division.

5. I did not post the remarks that are the subject of the Amended Complaint filed in this lawsuit. Rather, those remarks were posted by an acquaintance of mine, Kevin McKosky, from his laptop computer without my knowledge or direction at a time when I was not even home. I do not own a laptop computer, however, I do own an iPad

6. I was not present when Kevin McKosky posted the remarks. The first time I read the remarks was when I received a copy of this lawsuit. I think it is unfair that I am being sued for something I did not do

7. I reviewed Plaintiffs' Motion for Preliminary Injunction with Incorporated Memorandum of Law, and noticed that Plaintiffs are asking for the remarks to be taken down from the website www.ripoffreport.com. To my knowledge, the remarks cannot be taken down from that website, as can be seen at the following link discussing the website's policies: http://www.ripoffreport.com/ConsumersSayThankYou/WantToSueRipoffReport.aspx#2

FURTHER AFFIANT SAYETH NAUGHT.

[VERIFICATION PAGE TO FOLLOW]

## VERIFICATION

SIGNATURE: Linda Vendome
LINDA VENDOME

STATE OF NEW YORK )
COUNTY OF NASSAU )

The foregoing AFFIDAVIT was sworn to and subscribed before me on March 13, 2015 by Linda Vendome, who is personally known to me or who has produced valid and statutorily sufficient identification.

Personally Known
Identification Provided: NYS DR Lic

Notary Public, State of New York at Large

Printed Name: Immacolata Parrino
Commission Stamp:

IMMACOLATA PARRINO
Notary Public, State of New York
No 01PA6182092
Qualified in Queens County
Commission Expires Feb 19, 2016



76218 1v2 992002 0001

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEIDI HESS DESIGNS, LLC,
A Florida limited liability company, and
HEIDI HESS, individually,

CASE NO.: 14-CV-62686-MGC

Plaintiffs,

v.

LINDA VENDOME, individually,

Defendant.

_______________________________/

**AFFIDAVIT OF KEVIN MCKOSKY**

STATE OF NEW YORK )
COUNTY OF NASSAU )

BEFORE ME, the undersigned authority, personally appeared Kevin McKosky, who was sworn and states:

1 My name is Kevin McKosky. I am over the age of 18, am competent to furnish this affidavit, and do so based upon my personal knowledge of the statements made herein.

2. I am familiar with the Plaintiffs in this lawsuit, Heidi Hess and Heidi Hess Designs, LLC, as well as the dispute Ms. Hess has with Linda Vendome regarding the return of Ms. Vendome's money she invested and loaned to Heidi Hess Designs, LLC. I reviewed the Amended Complaint and its exhibits filed in this lawsuit, including the statements alleged by Plaintiffs to be defamatory

3. I posted the remarks that are attached as Exhibit A to the Amended Complaint filed in this lawsuit I posted those remarks to the website www.ripoffreport.com, and I

did so from my personal laptop computer. I thought the post might help Linda's dispute with Heidi Hess.

4. The remarks were not posted by Linda Vendome. In fact, I posted the remarks without Linda Vendome's knowledge or direction.

FURTHER AFFIANT SAYETH NAUGHT.

**VERIFICATION**

SIGNATURE: ______________________
Kevin McKosky

STATE OF NEW YORK )
COUNTY OF ~~NASSAU~~ Suffolk )

The foregoing AFFIDAVIT was sworn to and subscribed before me on March 16, 2015 by Kevin McKosky, who is personally known to me or who has produced valid and statutorily sufficient identification.

Personally Known
Identification Provided: ______
NYS Driver License # 825 290 146
Expires: 7/30/2021

______________________
Notary Public, State of New York at Large

Printed Name: ______________________
Commission Stamp:

Sean O'Rourke
Notary Public, State of New York
Qualified in Suffolk County
No. 0106315362
Commission Expires 11-24-2018



762889v1 997002.0001