UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEIDI HESS DESIGNS, LLC., a Florida limited liability company, and HEIDI HESS, individually,

CASE NO. 14-cv-62686 Cooke/Torres

Plaintiffs,

v.

LINDA VENDOME, individually,

Defendant.

_________________________________________/

# PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION WITH INCORPORATED MEMORANDUM OF LAW

Plaintiffs, HEIDI HESS DESIGNS, LLC., a Florida limited liability company ("HHD") and HEIDI HESS, individually ("HESS"), (both collectively referred to as "Plaintiffs"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, file their Reply in Support of Their Motion For Preliminary Injunction With Incorporated Memorandum of Law [DE-4], and state as follows:

## BACKGROUND

1. This is an action for injunctive and other relief under the common law of the State of Florida for libel *per se*, slander *per se*, tortious interference with a business relationship, and, in the alternative, intentional infliction of emotional distress.

2. Plaintiffs' Motion for Preliminary Injunction [DE-4] seeks an order removing from the Internet Defendant's false, libelous, defamatory, or slanderous publication (the "False Publication") that is damaging to the Plaintiffs, and enjoining and restraining Defendant from publishing any further false, libelous, defamatory, or slanderous publications concerning the Plaintiffs.

3. Plaintiffs' Amended Complaint [DE-8] established jurisdiction over Defendant, LINDA VENDOME ("Defendant"), who is a citizen of the State of New York, but maintains a residence in the Southern District of Florida where she was located and served with process in this action, where she committed the subject tortious acts, and where Plaintiffs have been damaged by Defendant's illegal actions.

4. Plaintiffs' Amended Complaint [DE-8] alleged the citizenship of Plaintiffs, HHD and HESS, who is HHD's sole member, in the State of Florida.

5. Defendant's Motion to Dismiss Amended Complaint For Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction And For Failure To State a Claim Upon Which Relief Can Be Granted [DE-11]:

a. confirmed that the Amended Complaint alleged that HHD and HESS are citizens of Florida;

b. alleged that the Court lacks subject matter jurisdiction on the premise that Plaintiffs failed to allege the citizenship of HHD's members.

6. Defendant then filed Motion For Stay of Proceedings And an Extension of Time [DE-9] pending the Court's ruling on Motion to Dismiss, which was denied by the Court [DE-22], and Defendant was ordered to file a substantive response to Plaintiffs' Motion for Preliminary Injunction [DE-24].

7. Despite of this Court's Order denying Motion to Stay, Defendant's Response in Opposition to Motion For Preliminary Injunction [DE-25] was based on the following:

a. That Defendant's jurisdictional challenges must be ruled upon before consideration of the Motion for Preliminary Injunction; and

b. That Plaintiffs failed to demonstrate a substantial likelihood of success on the

merits of their claims in that the subject defamatory remarks were posted by a third party without Defendant's knowledge or participation.

8. On or about November 21, 2014 the date of Defendant's malicious action, Plaintiff contacted defendants' counsel by email at 6:21pm. In less than three (3) hours after Defendant's counsel confirmed Defendant's admission to Defendant posting "***her comments on ripoff.com***," made when ***"she let her temper overtake her better judgment and took this course of action."*** *See Declaration of John F. Bradley and email correspondence,* ***Exhibit "A"*** hereto.

9. The written communication on the night of Defendant's action regarding Defendant's False Publication, evidencing Defendant's knowledge thereof and her admission to posting same (*Exhibit "A"*) is in contradiction with Defendant's newly filed Affidavits supporting her Response in Opposition To Motion For Preliminary Injunction [DE-25], in which Defendant stated under oath that she "did not post the remarks" which were posted by her acquaintance without her knowledge or direction (Affidavit of Linda Vendome at ¶5), and that she read the remarks for the first time after the lawsuit was filed (Affidavit of Linda Vendome at ¶6).

10. The Affidavit of Kevin McKosky supporting Defendant's Response in Opposition To Motion For Preliminary Injunction [DE-25], in which Kevin McKosky, Defendant's acquaintance who allegedly posted False Publication without Defendant's knowledge, is also in direct contradiction with the earlier statements evidenced by the pre-suit communication. *Exhibit "A."*

11. The admissions by Defendant through counsel make it clear that the affidavits filed by Defendant and her boyfriend Mr. McKosky are themselves perjury and a fraud on the Court. This reprehensible and fraudulent behavior is, sadly, the very type of behavior by

Defendant which has brought about this case in the first instance.

**MEMORANDUM OF LAW**

**I. Defendant's Jurisdictional Challenges Do Not Prevent The Court From Issuing a Preliminary Injunction.**

Firstly, Defendant claims that, although the Amended Complaint alleges that the defamatory remarks are accessible in this District, it "is silent regarding the purportedly defamatory publication actually being accessed in Florida—a requisite element to personal jurisdiction in the circumstances presently before this Court," and that it not is directed at a Florida audience. Defendant's claims are not correct, and therefore not sufficient to challenge this Court's jurisdiction. The False Publication, as attached to Plaintiffs' Motion for Preliminary Injunction, were accessed in Florida ***and specificially reference police action in Fort Lauderdale***! The parties' Florida counsel, as well as this Florida Court, have and/or are able to access same in Florida. Pursuant to Affidavit of Kevin McKosky [DE-25], he allegedly posted the False Publication believing it "might help Linda's dispute with Heidi Hess." At all times relevant hereto, Plaintiff HESS, as well as all parties' counsel, were in Florida. Furthermore, the case cited by Defendant to support her claim, namely, *Bioheart, Inc v. Peschong*, No. 13-60304-ClV, 2013 WL 1729278 (S D. Fla. Apr. 22, 2013), specifically supports jurisdiction of this Court. In *Bioheart*, the court held that it had no personal jurisdiction over a defendant who posted a defamatory statement on a message board of a Yahoo! Finance website, because "there [was] no evidence that it particularly facilitated interactions with or otherwise targeted a Florida audience." Id. at *4 (*citing*, *Whitney Info. Network, Inc. v. Xcentric Ventures, LLC*, 347 F.Supp.2d 1242, 1246 (M.D.Fla.2004), where the court found jurisdiction when the defendants' Ripoffreport.com website allowed users to tailor their search of the site by state). As stated in *Whitney*, the subject website (Ripoffreport.com) allows users to tailor their search of the site by

state, directing the False Publication at Florida. *See*, Ripoffreport.com's search page allowing users to search by state, attached as ***Exhibit "B"*** hereto. Therefore, the False Publication was clearly directed at a Florida audience.

Secondly, Defendant challenges this Court's subject matter jurisdiction on the premise that the Amended Complaint fails to allege the citizenship of the members of Plaintiff HHD, *citing, Rolling Greens MHP, L. P. v. Comcast SCH Holdings, LLC*, 374 F. 3d 1020, 1022 (11th Cir. 2004) (a limited liability company is a citizen of any state of which a member of the company is a citizen). Plaintiffs' Amended Complaint alleged the citizenship of HHD as well as of HESS, HHD's sole member, in the State of Florida. [DE-8] at ¶3(b). Therefore, this Court does not lack either personal jurisdiction over Defendant or subject matter jurisdiction over the proceedings, and is therefore able to enter a preliminary injunction against the Defendant.

**II. Plaintiffs Meet the Preliminary Injunction Standard.**

Defendant argues that Plaintiffs have failed to satisfy the high standard for preliminary injunction by failing to establish the four requisite elements. However, as explained below, Plaintiffs meet the standard.

**a. Plaintiffs Demonstrated a Substantial Likelihood of Success On The Merits of Their Claims.**

Defendant attempts to discredit causes of action contained in Count I through her newly introduced and fraudulent Affidavits of Linda Vendome and Kevin McKosky (which allege that Defendant did not post the False Publication, and did not even see the remarks until she received the lawsuit), in Count II on the premise that it is based on "speculative allegations," and in Counts III and IV "on the same conduct that comprises [Plaintiffs'] defamation claims under Counts I and II." However, as evidenced by the written communication on the night of Defendant's action between the parties' counsel in ***Exhibit "A"*** hereto, Plaintiffs' allegations are

far from being speculative, as Defendant clearly not only knew about the False Publication before this lawsuit was filed, she even admitted to posting it herself. Defendant seems to have a habit of "let[ting] her temper overtake her better judgment" by making statements, which she later tries to retract and even deny, including under oath to this Court. Defendant's own admissions make her affidavit nothing short of a perjury and fraud on this Court. Nonetheless, the primary evidence supporting Plaintiffs' allegations is not made on information and belief, and is therefore sufficient to support a motion for preliminary injunction.

**b. Plaintiffs Demonstrated Irreparable Injury Absent Injunctive Relief.**

Defendant argues that Plaintiffs failed to demonstrate irreparable injury absent injunctive relief, as they are required to show actual and imminent injury, as opposed remote or speculative. As stated in Plaintiff's Motion for Preliminary Injunction, "[w]ithin hours of posting the False Publication, HHD and Hess became aware of [the False Publication] through business affiliates of HHD." [DE-4] at ¶19, and Hess Declaration at p. 15. Furthermore, a simple Internet Google search of "Heidi Hess" (HESS's full name, and the first two words of HHD's name) lead directly to the False Publication. *See*, Google search result, attached as ***Exhibit "C"*** hereto. Defendant's admitted and defamatory statements, being at everyone's fingertips, including Plaintiffs' customers and prospective customers, constitute more than just remote or speculative injury, as the resulting injury to Plaintiffs is actual and imminent. At any given moment, the False Publication is available and accessible by anyone in Florida, the United States, and the world, constituting irreparable injury absent injunctive relief.

**c. The Harm to Defendant Caused By An Injunction Does Not Outweigh Any Purported Harm To Plaintiffs.**

Again, Defendant alleges that Plaintiffs are not likely to prevail on any of their claims, and that harm to Defendant caused by an injunction outweighs harm to Plaintiffs. However, the

likelihood of Plaintiffs' success on their claims is high especially in light of Defendant's admission on the night of her action to posting of the False Publication in light of her "temper overtak[ing] her better judgment." ***Exhibit "A."***

**d. An Injunction Would Serve The Public Interest.**

Similarly, the high likelihood of Plaintiffs' success on their claims in light of Defendant's admission to posting of the False Publication in light of her "temper overtak[ing] her better judgment" (***Exhibit "A"***) supports Plaintiffs' injunctive relief claim, which serves the public interest. Moreso, her fraudulent affidavit shows that she is willing to continue with her fraudulent, malicious and criminal behavior until a Judge stops her from this pattern of behavior.

**<u>CONCLUSION</u>**

Plaintiffs are entitled to preliminary injunctive relief because they have met all of the elements of the traditional test. *State Farm Mut. Auto. Ins. Co. v. Sharon Woods Collision Ctr., Inc.*, No. 1:07cv457, 2007 U.S. Dist. LEXIS 86651 (S.D. Oh. Nov. 26, 2007). The balance of the equities weighs heavily in the Plaintiffs' favor and the Plaintiffs will continue to be irreparably damaged until the Defendant is enjoined, and the False Publication is removed from the Internet.

WHEREFORE, Plaintiffs pray:

A. That this Court will find that a substantial likelihood of success on the merits exists that the Defendant has engaged in conduct that amounts to libel per se as a direct and proximate result of the intentional or reckless acts of Defendant as set forth in this Complaint, in violation of Plaintiffs' rights under the common law of the State of Florida.

B. That this Court will find that a substantial likelihood of success on the merits exists that the Defendant has engaged in conduct that amounts to slander per se as a direct and

proximate result of the intentional or reckless acts of Defendant as set forth in this Complaint, in violation of Plaintiffs' rights under the common law of the State of Florida.

C. That this Court will find that a substantial likelihood of success on the merits exists that the Defendant has engaged in conduct that amounts to tortious interference with a business relationship as a direct and proximate result of the intentional or reckless acts of Defendant as set forth in this Complaint, in violation of Plaintiffs' rights under the common law of the State of Florida.

D. That this Court will find that a substantial likelihood of success on the merits exists that the Defendant has engaged in conduct that amounts to intentional infliction of emotional distress as a direct and proximate result of the intentional or reckless acts of Defendant as set forth in this Complaint, in violation of Plaintiffs' rights under the common law of the State of Florida.

E. That Defendant, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily enjoined and restrained;

1) From publishing any further false, libelous, defamatory or slanderous publications about Plaintiffs in any medium whatsoever;

2) From doing any other act or thing likely to cause further injury to the image or reputation of HHD and Hess.

F. That this Court order Defendant to cause the False Publication to be removed in its entirety from the Internet including but not limited to archive pages;

G. That Defendants be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action, a written report under

oath, setting forth in detail the manner of compliance with this Order, including all subparts.

**CERTIFICATE OF SERVICE**
**OF ELECTRONIC FILING GENERATED BY CM/ECF**

I HEREBY CERTIFY that on this 23rd day of March, 2015, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

Respectfully Submitted,

**Bradley Legal Group, P.A.**
*Counsel for Plaintiffs*
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 523-6160
Facsimile: (954) 523-6190

By: ___________/s/_____________
John F. Bradley, Esq.
Florida Bar No.: 0779910
Email: jb@bradlegal.com

**SERVICE LIST**

John M. Mullin, Esq.
(jmm@trippscott.com; sxc@trippscott.com
Ryan H. Lehrer, Esq.
rhl@trippscott.com; sxc@trippscott.com
*Attorneys for Defendant*
110 SE 6th Street, 15th Floor
Fort Lauderdale, FL 33301
Tel: 954-525-7500
**Service via CM/ECF**